UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CORHN, #611013,

    Plaintiff,

                                          Case Number 12-CV-13059

v.

                                          District Judge Gershwin A. Drain

COUNTY OF BAY, et. al.,            Magistrate Judge R. Steven Whalen

    Defendants,
_____/

## REPORT AND RECOMMENDATION

Plaintiff Dennis Corhn, presently confined at the Oaks Correctional Facility in Manistee, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The case has been referred for all pretrial proceedings, including filing Reports and Recommendations as to dispositive matters, pursuant to 28 U.S.C. § 636(b)(1)(B). Having reviewed the complaint, I recommend that the Court now dismiss it sua sponte as to defendants Bruce Mannikko and James Lapan pursuant to 28 U.S.C. §§ 1915(e)(2)(B), for failure to state claims upon which relief may be granted.[1]

### I.    FACTS

Plaintiff was incarcerated in the Bay County Jail in 2010 and 2011 for an unspecified criminal sexual conduct charge. Plaintiff was represented in his criminal case by attorney Bruce Mannikko, one of the named defendants. Mannikko also represented defendant James Lapan, a fellow inmate at the Bay County Jail. Plaintiff claims that Mannikko breached his legal duty to plaintiff by revealing to Lapan that plaintiff was charged with criminal sexual conduct and that plaintiff had made phone calls to the victim in his criminal case. Plaintiff informed his trial

---

[1] By separate order, I will direct that service by the United States Marshal be effected upon the remaining defendants Bay County and "Jane Doe." In order to effectuate service upon defendant "Jane Doe," plaintiff will be ordered to properly identify this defendant so service may be effectuated.

-1-

judge about Mannikko's breach of duty. The trial judge removed Mannikko from the case and appointed new counsel for plaintiff.

Plaintiff alleges that on September 16, 2011, Lapan assaulted him in the jail after warning plaintiff that "CSC people" were not permitted to touch the television set. When plaintiff ignored Lapan and attempted to change the channel, Lapan punched plaintiff, shattering plaintiff's jaw.

Plaintiff alerted jail officers, who took him to see the jail nurse, whom he identifies as defendant "Jane Doe." Plaintiff claims that Doe was aware that plaintiff's jaw was broken, but informed him that his jaw could not be re-set until the swelling had gone down, that she was not the head nurse, and that he could not see the jail doctor until September 20, 2011. Doe had plaintiff placed in the observation cell, where he continued to bleed and his jaw continued to swell. Plaintiff claims that he passed out from the pain and woke up in a pool of blood, with his jaw "sliding about." On Sunday, September 18, 2011, plaintiff woke up in even greater pain, was unable to feel any part of his chin, and noticed that his mouth and jaw were getting worse. Plaintiff was finally taken to the hospital, where surgery was performed on September 23, 2011. Plaintiff claims that defendant Doe should have requested that plaintiff be taken to medical professionals to be treated for his serious injury.

Plaintiff was eventually placed in the protective custody unit, where other alleged sex offenders are placed for their protection from fellow inmates. Plaintiff claims that Bay County was grossly negligent for failing to place him earlier on in protective custody with the other alleged sex offenders or to otherwise protect him from being assaulted by other inmates. Plaintiff seeks monetary damages.

## II.   LEGAL PRINCIPLES

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir.1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867. Sua sponte dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

A pro se litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, it is held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir.1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir.2001).

### III. DISCUSSION

#### A. Defendant Mannikko

Plaintiff claims that his appointed trial counsel Bruce Mannikko breached his legal duty to him by infoming James Lapan that plaintiff was charged with criminal sexual conduct.

Plaintiff's suit against his court appointed attorney must be dismissed because it fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Court appointed attorneys or public defenders performing a lawyer's traditional functions as counsel to a criminal defendant do not "act under color of state law" and are therefore not subject to suit under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 317 (1981). Even though the defective performance of a criminal defense attorney may cause the legal process to deprive an accused criminal defendant of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional action does not act under the color of state law within the meaning of § 1983.See *Briscoe v. Lahue*, 460 U.S. 325, 329, n. 6 (1983); *See also Floyd v. County of Kent,* 454 Fed.App'x. 493, 497 (6th Cir. 2012)(unpublished)(public defender could not be liable in pro se § 1983 suit for ineffective assistance of counsel brought by former client, as he did not act under color of state law when performing traditional functions as counsel for the accused). The complaint must therefore be dismissed against Defendant Bruce Mannikko.

#### B. Defendant Lapan

Plaintiff has sued defendant James Lapan for physically assaulting him while both men were inmates at the Bay County Jail.

An inmate is not considered a state actor or a person acting under the color of state law for purposes of stating a claim under § 1983. *See Nobles v. Brown*, 985 F. 2d 235, 238 (6th Cir. 1992)(prison guard who was taken captive and raped by an inmate could not show breach of the due process clause for purposes of civil rights claim; it was not prison officials who took the guard captive and assaulted her, it was an inmate, and the inmate was not acting under color of state "statute, ordinance, regulation, custom, or usage"); *See also Goodell v. Anthony,* 157 F.

Supp. 2d 796, 801 ((E.D. Mich. 2001)(allegations that state prison inmate's cell mate caused the inmate's typing paper to be confiscated by prison officials by telling prison officials that another cell mate had concealed weapon in the cell did not demonstrate that cell mate was acting under color of state law, as required to state cognizable claim under § 1983). Plaintiff's lawsuit against Defendant James Lapan must be dismissed.

### IV.  CONCLUSION

For these reasons, I recommend that the complaint be dismissed as to defendants Bruce Mannikko and James Lapan, pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: January 8, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 9, 2013.

| | |
|---|---|
| Dennis Corhn, #611013<br>Oaks Correctional Facility<br>1500 Caberfae Highway<br>Manistee, MI 49660 | s/Johnetta M. Curry-Williams<br>Case Manager |