UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CORHN, #611013,

       Plaintiff,

                                         Case No. 12-CV-13059
                                         Honorable Gershwin A. Drain

v.

COUNTY OF BAY, *et al.*,

       Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION [#10] AND FINDING PLAINTIFF'S MOTION TO AMEND COMPLAINT [#8] MOOT

Plaintiff, Dennis Corhn, is a state inmate currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan. On July 12, 2012, Plaintiff filed this 42 U.S.C. § 1983 action against various defendants claiming they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they failed to provide, or arrange for emergency medical treatment for Plaintiff after James Lapan, another inmate, assaulted him and dislocated his jaw, which ultimately required Plaintiff to undergo painful surgery and rehabilitation. Plaintiff also brings state law claims of negligence, malpractice, assault and battery and intentional infliction of emotional distress.

Presently before the Court is Magistrate Judge R. Steven Whalen's Report and Recommendation, issued January 8, 2013. Magistrate Judge Whalen recommends that the Court *sua sponte* dismiss Defendants Bruce Mannikko, Plaintiff's court appointed attorney in the underlying prosecution of Plaintiff on criminal sexual conduct charges, and James Lapan. On February 12, 2013, the Court received a letter from Plaintiff, which the Court construes as Plaintiff's

-1-

objections. *See* Dkt. No. 13. Also, before the Court is Plaintiff's Motion to Amend Complaint, filed on October 19, 2012.

Upon review of Plaintiff's allegations, the Report and Recommendation, and Plaintiff's February 12, 2013 letter, the Court finds that *sua sponte* dismissal of Defendants Manniko and Lapan is appropriate because Plaintiff cannot state a cognizable claim under 42 U.S.C. § 1983 against these Defendants. *Polk County v.Dodson*, 454 U.S. 312, 317 (1981) (court appointed attorneys do not "act under color of state law"); *Nobles v. Brown*, 985 F.2d 235, 238 (6th Cir. 1992). To the extent Plaintiff brings state law claims of negligence, malpractice, assault and battery and intentional infliction of emotional distress against these Defendants, the Court declines to exercise supplemental jurisdiction over these claims and hereby dismisses Plaintiff's state law claims without prejudice. Plaintiff's objection that these defendants were involved in a conspiracy does not alter this Court's conclusion that Manniko and Lapan are properly dismissed because they are not "state actors" within the meaning of § 1983. Therefore, Plaintiff's objection is overruled.

As to Plaintiff's Motion to File Amended Complaint, the Court notes that Plaintiff filed an Amended Complaint on January 8, 2013, thus his motion is technically moot. Federal Rule of Civil Procedure 15(a) states:

> (a) Amendments Before Trial.
>  (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
>    (A) 21 days after serving it,
>   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>  (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Here, Plaintiff filed his Amended Complaint prior to Defendants having been served with copy of the original pleadings, thus amendment is permitted under the Federal Rules of Civil Procedure and the Court will permit the amendment. However, because Plaintiff cannot allege a 1983 claim against Defendants Manniko and Lapan, these claims are HEREBY dismissed from the amended complaint.

Accordingly, IT IS ORDERED that Magistrate Judge R. Steven Whalen's January 8, 2013 Report and Recommendation [#10] is ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint [#8] is MOOT.

IT IS FURTHER ORDERED that Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's § 1983 claims against Defendants Manniko and Lapan are DISMISSED WITH PREJUDICE.

SO ORDERED.


Dated: April 8, 2013 /s/Gershwin A Drain
GERSHWIN A. DRAIN
United States District Judge