UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CORHN, #611013,

       Plaintiff,

                                                       Case No. 12-cv-13059
                                                       Honorable Gershwin A. Drain

v.

COUNTY OF BAY, *et al.*,

       Defendants.

_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#69], OVERRULING PLAINTIFF'S OBJECTIONS [#71], GRANTING DEFENDANT BAY COUNTY'S MOTION FOR SUMMARY JUDGMENT [#43] AND DISMISSING ACTION**

### I.  INTRODUCTION

Plaintiff, Dennis Corhn, is a state inmate currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan.  On July 12, 2012, Plaintiff filed this 42 U.S.C. § 1983 action against various defendants claiming they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they failed to provide, or arrange for emergency medical treatment for Plaintiff after James Lapan, another inmate, assaulted him and dislocated his jaw, which ultimately required Plaintiff to undergo painful surgery and rehabilitation.  Plaintiff also brings a Fourteenth Amendment claim alleging his constitutional rights were violated because charges were not pressed against inmate Lapan.

On April 8, 2013, Defendants Lapan and Manniko were dismissed *sua sponte* because Plaintiff failed to allege a cognizable claim under § 1983 against these Defendants.  *See* Dkt. No. 16. Defendants Bay County and Nurse Jane Doe are the only remaining Defendants and Bay County

is the only Defendant who has been served and appeared in this action.

Presently before the Court is Magistrate Judge R. Steven Whalen's Report and Recommendation, issued on August 11, 2014. Magistrate Judge Whalen recommends that the Court grant Defendant Bay County's Motion for Summary Judgment. On August 25, 2014, Plaintiff filed his objections to Magistrate Judge Whalen's August 11, 2014 Report and Recommendation.

## II.  LAW & ANALYSIS

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

As an initial matter, none of Plaintiff's objections relate to Magistrate Judge Whalen's conclusions with respect to Plaintiff's Fourteenth Amendment claim. The Court notes that Magistrate Judge Whalen reached the correct conclusion that Plaintiff has no constitutional right to have a prosecutor investigate a case or initiate a prosecution. *White v. City of Toledo*, 217 F. Supp.2d 838, 841 (N.D. Ohio 2002); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992). Plaintiff's Fourteenth Amendment claim is therefore subject to dismissal.

All of Plaintiff's objections relate to his Eighth Amendment deliberate indifference to serious medical needs claim. "[D]eliberate indifference to the serious medical needs of a prisoner constitutes 'the unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Sixth Circuit Court of Appeals employs a two part test to analyze claims of deliberate indifference. *Brown v. Bargery*, 207 F. 3d 863, 867 (6th Cir. 2000).

Specifically, plaintiff must satisfy a subjective and objective test to make out his claim. *Id*.

The objective prong requires a demonstration that plaintiff was exposed to a sufficiently serious risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component requires that the defendants knew of and disregarded a substantial risk of serious harm to the prisoner's health and safety. *Id.* at 835-37; *see also, Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F. 3d 834, 843 (6th Cir. 2002). It is not enough if the official should objectively have been aware of the risk to the prisoner's health and safety, rather "[t]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Moreover, "[n]egligence, including medical malpractice does not rise to the level of a constitutional tort simply because the victim is a prisoner." *Kosloski v. Dunlap*, 347 F. App'x 177, 179 (6th Cir. 2009) (citing *Estelle*, 429 U.S. at 106). "Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Carter v. Michigan Dep't of Corr.*, No. 12-cv-12621, 2013 U.S. Dist. LEXIS 133838, *8-9 (E.D. Mich. Sept. 19, 2013) (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)). If a prisoner receives some medical treatment and his dispute is over the adequacy of such treatment, he must show that "the medical attention rendered [was] so woefully inadequate as to amount to no treatment at all." *Westlake*, 537 F.2d at 860 n. 5.

The Magistrate Judge correctly concluded that Plaintiff's disagreement concerning the nature of his treatment does not amount to a violation of the Eighth Amendment. By his own testimony, Plaintiff was examined by Defendant Nurse Jane Doe immediately after he was punched on Friday,

September 16, 2011. Defendant Jane Doe gave Plaintiff ice to apply to the injured area and placed him in an observation room to monitor his injury. Plaintiff was again seen by Defendant Jane Doe the following morning. She gave him Ibuprofen for the pain and told him the head nurse would be in the following day, and the doctor would be in the day after that. On Sunday, September 18, 2011, Plaintiff was examined by Defendant Nurse Jane Doe and the head nurse. Later that day, Plaintiff was taken for x-rays and returned to the observation room. Plaintiff testified that he received pain medication, and was checked multiple times over the course of the weekend. He was again examined by the heard nurse on Monday, September 19, 2011. On Tuesday, September 21, 2011, Plaintiff was taken to the doctor, who examined Plaintiff's jaw and reviewed the x-rays taken on September 19, 2011. The doctor arranged for Plaintiff to undergo surgery on September 23, 2011. The doctor did not prescribe any pain medication. Following Plaintiff's surgery, he was prescribed Tylenol 3 for three days by the doctor.

In *Schweiger v. Corr. Med. Serv., Inc.*, No. 11-15345, 2013 U.S. Dist. LEXIS 37880 (E.D. Mich. Mar. 19, 2013), the prisoner-plaintiff complained of severe neck and lower back pain after receiving a surgical cervical fusion with a bone grafting. 2013 U.S. Dist. LEXIS 37880, * at 22. The district court adopted the recommendation of the Magistrate Judge to dismiss the defendant-doctor because "the complaint sets forth nothing more than a disagreement about the course of the plaintiff's treatment . . . ." 2013 U.S. Dist. LEXIS 37880, * at 10. The district court stated that, "[t]aking the allegations of the complaint as true, the plaintiff has received regular care for his back pain; his only complaint is that he disagrees with the doctor's prescriptions for the medications to control his pain, and he complains that they are ineffective." 2013 U.S. Dist. LEXIS 37880, * at 10-11. Therefore, the court held that the plaintiff failed to state a claim for deliberate indifference.

2013 U.S. Dist. LEXIS 37880, * at 11.

Similar to *Schweiger*, Plaintiff fails to allege the deprivation of his Eighth Amendment rights. Plaintiff's requests for medical care were addressed by the medical staff at the jail. While Plaintiff believes his care should have been more expediently provided, this is not enough to state a viable Eighth Amendment claim. Plaintiff acknowledges that he received pain medication, and was checked multiple times over the course of the weekend and underwent surgery a week after the incident. Plaintiff's claim is therefore based on his disagreement with his course of treatment, which sounds in state tort law and not a constitutional violation. 2013 U.S. Dist. LEXIS 37880, *at 11; *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, *1 (6th Cir. Oct. 29, 1996).

Plaintiff's first and second objections are without merit. Plaintiff complains that he has yet to receive the jail's policies concerning sending inmates to the emergency room. Even if these policies exist, any purported failure to follow the policy does not amount to deliberate indifference to serious medical needs. The remainder of Plaintiff's objections relate to his contention that there is a question of fact as to whether Defendants were deliberately indifferent to his serious medical needs. Plaintiff's objections do not overcome the fact that his Eighth Amendment claim sounds in tort law because it rests on his disagreement with the treatment provided at the jail.

Lastly, because Plaintiff has not shown the denial of his Eighth Amendment rights by any of the individually named Defendants, Bay County cannot be liable under 42 U.S.C. § 1983. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (2001) ("If no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983. Having found no constitutional violations could be established, the district court did not err in

granting summary judgment to the municipal defendants.") (internal citation omitted).

### III.   CONCLUSION

Based on the foregoing considerations, the Court ACCEPTS and ADOPTS Magistrate Judge R. Steven Whalen's August 11, 2014 Report and Recommendation [#69], OVERRULES Plaintiff's Objections to the Report and Recommendation [#71], GRANTS Defendant Bay County's Motion for Summary Judgment [#43] and DISMISSES THIS CAUSE OF ACTION.

SO ORDERED.


Dated: September 22, 2014            /s/Gershwin A Drain
                                     GERSHWIN A. DRAIN
                                     United States District Judge